Irving L. Levey, J.
Motion for an injunction pendente lite is granted. The plaintiff has entered into a collective bargaining agreement with Local 225, International Jewelry Workers Union, A. F. L. — 0.1. 0. The defendant union, Local 150, commenced picketing the plaintiff’s premises with a sign stating that the plaintiff is on strike. Thereafter the plaintiff received a letter from the National Labor Relations Board, indicating that a petition for certification was filed by Local 150. In view of the fact that the defendant has sought the offices of the National Labor Relations Board in having itself certified as the bargaining agent, it would appear that the picketing at the present time is for an improper purpose.
It is true that the effect of section 876-a of the Civil Practice Act is to prevent courts from enjoining peaceful picketing. This proposition has been so stated in Wood v. O’Grady (307 N. Y. 532) wherein a union was permitted to picket for organizational purposes. The State courts, however, have always enjoined picketing where there has been a finding that the object of such picketing was not to organize employees, but to exert economic pressure upon the employer so that the *874 employer will coerce his employees into joining a particular union (Goodwins, Inc. v. Hagedorn, 303 N. Y. 300). Likewise, picketing to compel an employer to recognize a particular labor union while a Labor Relations Board has proceedings pending to determine which union shall be certified as a bargaining agent, will be enjoined (Goodwins, Inc. v. Hagedorn, supra).
Settle order.